Eastern District of Kentucky
FILED
JAN - 3 2007
At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 06-16-HRW

JOHN JOHNSON,                                                                                    PLAINTIFF,

v.           **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits and supplemental security income benefits on, alleging disability beginning on September 5, 2003, due to blindness in the right eye and anxiety (Tr. 1, 60).

1

The application was denied initially and on reconsideration. On May 24, 2005, an administrative hearing was conducted by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 262-280). At the hearing, Donald Joe Woolwine, a vocational expert (hereinafter "VE"), also testified (Tr. 281-287).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

2

On June 16, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-24). Plaintiff was 48 years old at the time of the hearing decision (Tr. 15). He has the equivalent of a high school education (Tr. 15). His past relevant work experience consists of work as a mechanic, working for a sheriff's department, forest service and tree service as well as doing various odd jobs (Tr. 15).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 23).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease, loss of vision in the right eye, adjustment disorder with depressed mood, dysthymic disorder and anxiety disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 23).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 23). In doing so, the ALJ specifically considered listings 1.00, 1.02A/B, 1.04, 12.04 and 12.06 (Tr. 16-17).

The ALJ further found that Plaintiff had no transferable skills from any past relevant work but determined that he has the following residual functional capacity ("RFC"):

3

> [L]ift / carry up to but no more than twenty pounds occasionally and ten pounds frequently, with no climbing of ladders / ropes / scaffolds and no work around dangerous machinery or in cold temperature extremes. He has monocular vision and can perform simple instructions in a routine work setting with casual and infrequent contact with the public and co-workers.

(Tr. 23).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of light work, such as file clerk, package tender and night guard. The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on December 3, 2005 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 5 and 6] and this matter is ripe for decision.

4

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ failed to properly develop the record regarding his physical condition. Specifically, Plaintiff maintains that the ALJ should have ordered a consultative examination.

5

The regulations provide that an ALJ need obtain a consultative examination only if additional information is needed to render a decision. 20 C.F.R. §§ 404.1517, 416.917. The Court, having reviewed the record, finds that substantial evidence supports the ALJ's findings and that Plaintiff has not provided a basis for a consultative examination. For example, there is no indication in the record that Plaintiff's musculoskeletal problems warranted further development. Indeed, the record contains little evidence of impairment resulting from the same (Tr. 15-21). More importantly, Plaintiff's physicians and therapists did not report pr suggest any limitations associated with a spinal condition (Tr. 183-195, 233-241, 250-258).

With regard to Plaintiff's vision, the ALJ noted,

> [T]here is no indication in the record that Dr. Gussler, the claimant's treating ophthalmologist, has placed any type of work-related restrictions on the claimant as a result of his vision loss (Exhibits 3F, 21F, 22F). In fact, as noted by Dr. Oakley, and per the subjective reports of claimant's spouse, the evidence indicates that claimant's vision loss does not severely impact his ability to engage in the usual activities or otherwise precludes him from all work activity (Exhibits 5F, 6E). Per Dr. Gussler's records, the claimant had no postoperative complications and has had subjective improvement in his residual pain symptoms.

(Tr. 19-20).

6

The ALJ also noted that during his most recent visit to Dr. Gussler, Plaintiff felt "pretty good" (Tr. 20). The Court finds, based upon the record, the record was not lacking in information regarding Plaintiff's vision impairment.

Finally, the ALJ found that, notwithstanding some evidence of dysfunction in social interaction, Plaintiff demonstrated the ability to understand and remember simple instructions with no evidence of disturbance in sustained concentration and/or persistence (Tr. 20). Substantial evidence in the record supports this finding.

In sum, the Court does not find a basis for the ALJ to have ordered a consultative examination. To the contrary, the record appears to be complete. Plaintiff's unsupported allegations are not a sufficient basis to require an ALJ to order a consultative examination.

As for Plaintiff's assertion that the ALJ was required to obtain a consultative examination before assessing the RFC, it is without merit. The responsibility for assessing a claimant's RFC is the ALJ's alone. 20 C.F.R. §§ 404.1546( c), 416. 946( c). Although the ALJ may consider opinions from medical sources in assessing the RFC, the "final responsibility for deciding these issues is reserved for the Commissioner." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2).

7

Plaintiff further contends that consultative examination was necessary in order to evaluate whether his impairments met or equaled a listing. However, Plaintiff does not identify which listing or listings his impairments meet or equal. The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). Having failed to identify which listing he allegedly satisfies, Plaintiff has not properly placed this issue before the Court. Moreover, having reviewed the record, the Court finds no indication therein that Plaintiff's impairments even approximate any of the listings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

8

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

_____
Henry R. Wilhoit, Jr., Senior Judge